INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. H. B. SEIDERS.

Decided May 6, 1908.

**1.—Railway—Killing Stock—Fences—Station.**

At a small station a railway company fenced in the depot grounds and the right of way beyond, but constructed no stock gap between. The public had access to the depot grounds and a part of same was leased for business purposes. Held, that its track was not fenced at this point within the meaning of the statute, and it was liable, irrespective of negligence, for the value of mules lawfully on the depot grounds and passing thence onto the right of way, where they were killed by a train.

**2.—Same—Fenced Track—Burden of Pleading and Proof.**

It was not necessary for plaintiff to plead that the track was unfenced in order to recover for stock alleged to be killed by defendant's train, the burden was on defendant to plead and prove the fencing, in order to avail itself of the defense given by the statute.

**3.—Stock Unlawfully at Large.**

Animals lawfully on the enclosed depot grounds, tied to the fence, getting loose during the night and escaping onto the right of way, were not unlawfully at large, though the stock law was in force in that locality.

**4.—Depot Grounds—Lease—Indemnity.**

A clause in a lease of a portion of the depot grounds of a railway for a cotton seed house by which the lessee assumed responsibility for any damage to the railway company "by reason of the making of said lease or the occupancy of said premises by the lessee" did not give the company a right to be indemnified for damages from the killing on the premises of mules belonging to an employee of the lessee.

Appeal from the County Court of Williamson County. Tried below before Hon. Chas. A. Wilcox.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant.—There was neither allegation nor claim that the right of way was not properly fenced, but the contrary affirmatively appeared. Houston & T. C. R. Co. v. Red Cross Stock Farm, 22 Texas Civ. App.; 114; Farmers' Bank v. Chicago & A. Ry. Co., 83 S. W., 76; Missouri P.

Ry. Co. v. Hennessey, 75 Texas, 155; Texas & P. Ry. Co. v. French, 86 Texas, 97.

Defendant's right of way and premises at and about the place where plaintiff's mules were killed were fenced as required by law, and there was no evidence showing or tending to show that said defendant was guilty of negligence in the killing of said mules. Mahler v. Missouri, K. & T. Ry. Co., 90 S. W., 206; Kansas City S. Ry. Co. v. Lewis, 97 S. W., 56; Texas & N. O. Ry. Co. v. Langham, 15 Texas Rep., 567; Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W., 785; Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452; Henry v. Missouri, K. & T. Ry. Co., 65 S. W., 644; Texas Central R. R. Co. v. Harbison, 88 S. W., 414; Missouri, K. & T. Ry. Co. v. Webb, 97 S. W., 1010; St. Louis & S. F. Ry. Co. v. Zackary, 53 S. W., 327; St. Louis,. I. M. & S. Ry. Co. v. Landers, 55 S. W., 940; Texas & Pac. Ry. Co. v. Smith, 41 S. W., 83.

At the time and place of the killing of plaintiff's mules they were unlawfully running at large in violation of the stock law which was then and there in force. International & G. N. R. R. Co. v. Cocke, 64 Texas, 151; Red River, T. & S. Ry. Co. v. Dooley, 80 S. W., 566.

*O. E. Roberts,* for appellee.—It was not the business of the appellee to anticipate the railroad company's defense or to combat it in advance. Rev. Stats., art. 4528, Acts 1905, p. 226; Texas C. Ry. Co. v. Childress, 64 Texas, 346-349; Texas & P. Ry. Co. v. Miller, 1 App. C. C. (White & W.), sec. 263.

A fence around the enclosure through which the railway track passes does not constitute a fencing of the track as contemplated by the statute. San Antonio & A. P. Ry. Co. v. Peterson, 8 Texas Civ. App., 368; International & G. N. Ry. Co. v. Richmond, 67 S. W., 1029; Ft. Worth & D. C. Ry. Co. v. Roberts, 29 Texas Civ. App., 566.

FISHER, CHIEF JUSTICE.—This is a suit by appellee to recover of the Railway Company $450 damages, the value of two mules, which were alleged to have been negligently and wilfully killed by one of appellant's trains on its line of road about five miles east of the town of Taylor. The case was tried before the court without a jury, and judgment rendered in appellee's favor for $350. The trial judge found conclusions of fact and law, which are as follows:

*"Conclusions of Fact.*—That on the 26th day of September, 1906, the defendant was operating a line of railroad through the town of Thrall, in Williamson County, Texas; that said station of Thrall was a flag station for passengers, with a platform for passengers and the loading and unloading of freight; that at said station the company owned right of way and grounds about 250 feet wide and about 1000 feet long, lying east and west of defendant's railroad track, and a side track or switch running east and west through said land near the center of same; that a public road ran along the north boundary of said company's premises; that, extending from each end of said wide strip belonging to the company, the right of way of the company was reduced to 100 feet in width; that the outer boundaries of

the right of way and the wide strip belonging to defendant were enclosed by a fence, there being an offset in the fence at each end of the wide strip, so as to reduce the extension of the right of way to 100 feet. That at the point where the track passed through the east boundary of the wide strip, there was a cattle guard, but where the track passed through the west boundary of the wide strip there was no cattle guard or obstruction of any kind, the right of way opening into said wide strip. Defendant's passenger and freight platform was situated along the track about 100 yards from the east boundary of the wide strip. That the defendants Evans and Burke had leased from defendant railroad a strip of ground 70 by 170 feet on the north boundary of said wide strip, about 100 yards from the east boundary of same, upon which they had erected a cottonseed house. That near the east boundary of said leased plot of land there was a gate in the north line of defendant's fence. That said gate was used by said Evans and Burke, and by the public generally, it being the place of entrance to and exit from defendant's passenger and freight platform, and was used by persons having business with the defendant, either as passengers or in the shipping or receiving of freight. That said gate had remained open practically all the time for several years. That the plaintiff Seiders was employed by said Evans and Burke to haul cotton seed to said seed house, said Evans and Burke had given plaintiff permission to camp in said seed house, but had made no statement to him with reference to where he should keep his team. That at said time, other persons employed by said Evans and Burke were in the habit of tying their teams on the wide strip belonging to defendant railroad. That on the evening of September 26, 1906, the plaintiff tied his two mules to the north fence on said wide strip of defendant, about seventy feet east of said gate in defendant's fence, and about the same distance east of the Evans and Burke lease. That during the night said mules broke loose and wandered up said wide strip and into defendant's right of way about one-half mile beyond the west boundary of said wide strip of defendant railroad, and were struck by an engine or cars of defendant company and killed. That said mules at said time and place were of the market value of $350.

"I find that a portion of said wide strip, to the west of said Evans and Burke lease was leased to another party for agricultural purposes.

"I further find that the lease contract of the railroad with Evans and Burke provided that said Evans and Burke should be responsible for, and hold the railroad harmless from any damage whatsoever by reason of the making of said lease, or the occupancy of said premises by the lessee.

"Reference is made to the plat introduced in evidence for a better description of the right of way and grounds around the station of Thrall.

"*Conclusions of Law.*—1st. I conclude from the above facts that the defendant railroad's right of way at the station of Thrall, and at the west boundary of said station grounds was not fenced as contemplated by the statutes of the State, and that said defendant is liable for the value of said mules,

"2d. That in the lease contract between the railroad and Evans and Burke it was not contemplated that said Evans and Burke should be responsible for damages incurred under the circumstances shown by the facts of this case, and that no recovery should be had by the I. & G. N. R. R. Co. against said Evans and Burke."

*Opinion.*—There is evidence which sustains the findings of fact and conclusions of law and the judgment of the court below. However, there is one question which we desire to notice. It is contended by appellant that there is no pleading upon which to base the judgment rendered. The contention is that as there was no evidence of negligence in running the animals down, and as they were killed on the right of way, the plaintiff was only entitled to recover upon an averment that the railway company had failed or neglected to fence its right of way; or, if fenced, it was not kept in proper condition, or was not reasonably sufficient to exclude stock. It will be observed from the findings of fact that the railway company had a tract of land larger than the usual right of way enclosed at the place where the mules were tied and from which they escaped and went upon the right of way at the place where they were killed and at a point where the enclosure was of the usual width. There was no stock gap cutting off the wide enclosure from the point where the right of way narrowed to its usual width.

It is apparent from the facts that the public had, to some extent, been using this wide enclosure, and a part of it was in cultivation and the plaintiff was rightfully there, and that he was not a trespasser. It appears that the trial court based its conclusion of liability upon the fact that the wide enclosure could not, under the facts, be treated as a right of way fence, and that there was a failure to erect stock gaps at the point where the right of way fence connected with the wide enclosure. The statute provides that each and every railway company "shall be liable to the owner for the value of stock killed or injured by the locomotive and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount; if the railroad company fenced in their road they shall only be liable in cases of injury resulting from want of ordinary care." There is nothing appearing in the facts to show that the railway company was relieved from the duty of protecting its track by the usual right of way fence at the point where the mules escaped; from there they went upon the track which was fenced in the usual way, but not protected by a stock gap. As said before, the trial court correctly concluded that this was not the character of fencing required by the statute; and under the terms of the statute as quoted, the railway company would become liable upon proof of facts showing that the animals were struck and killed by a moving train, independent of the question whether those operating the train were or were not guilty of negligence. As we construe this statute, there was no necessity for a distinct averment that the railway track was not fenced; all that was necessary to be alleged was the fact of the killing, then, in order to obtain the benefit of this

statute, the burden rested upon the railway company to establish the fact that the road was fenced in a way so as to exclude stock.

It was also pleaded by the defendant as a defense to the plaintiff's cause of action that at the place where the mules were killed there was in operation the law that prohibited animals from running at large. This law could have no application to the facts of this case. The mules were not running at large. They were in the actual custody of the owner, and were tied up at night when the owner ceased working. They broke loose during the night and escaped and went upon the right of way and were killed. Clearly under these facts they were not running at large in the sense of the law mentioned.

We also agree with the conclusion reached by the trial court that the appellant was entitled to no recovery over against Evans and Burke.

We find no error in the record and the judgment is affirmed.

*Affirmed.*